# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-0156V
UNPUBLISHED

| | |
|---|---|
| NOAH SCOTT CAMPBELL,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: February 27, 2020<br><br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.*

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

  On January 30, 2019, Noah Scott Campbell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Due to a missing page in the original petition, Petitioner filed an amended petition on April 22, 2019.  Petitioner alleges that he suffered the Table injury of Guillain-Barré Syndrome (GBS) causally related to the influenza vaccination he received on October 6, 2016.  Petition at 1, ¶¶ 2, 13; Stipulation, filed Feb. 27, 2020 at ¶¶ 1-2, 4.  Petitioner further alleges that he received the vaccination in the United States, that he suffered the residual effects of his injury for more than six months, and that neither he nor any other party has filed a civil action or received compensation for his injury, alleged as vaccine caused.  Petition at 2. 13-15; Stipulation at ¶¶ 3-5.  "Respondent denies that petitioner sustained a GBS Table injury; denies that the vaccine caused petitioner's alleged GBS, or any other injury; and denies that his current condition is a sequelae of a vaccine-related injury." Stipulation at ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on February 27, 2020, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $75,000.00 in the form of a check payable to Petitioner**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under § 15(a). *Id.*

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| NOAH SCOTT CAMPBELL, | ) | |
| Petitioner, | ) | |
| v. | ) | **No. 19-156V** |
| | ) | **Chief Special Master Corcoran** |
| SECRETARY OF HEALTH AND | ) | **ECF** |
| HUMAN SERVICES, | ) | |
| Respondent. | ) | |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Noah Scott Campbell, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the flu vaccine on or about October 6, 2016.

3. The vaccination was administered within the United States.

4. Petitioner alleges that he developed Guillain Barre Syndrome ("GBS") following his flu vaccine, within the time period set forth in the Table, or in the alternative, that his alleged GBS was caused by the vaccine. He further alleges that he experienced the residual effects of his alleged injuries for more than six months after vaccine administration.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6.  Respondent denies that petitioner sustained a GBS Table injury; denies that the vaccine caused petitioner's alleged GBS, or any other injury; and denies that his current condition is a sequelae of a vaccine-related injury.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $75,000.00 in the form of a check payable to petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.  Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. §

1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in

accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award

for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided

pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a

strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C.

§ 300aa-15(g) and (h).

13. In return for the payment described in paragraph 8 and any amount awarded pursuant

to paragraph 9, petitioner, in his individual capacity and on behalf of his heirs, executors,

administrators, successors or assigns, does forever irrevocably and unconditionally release,

acquit and discharge the United States and the Secretary of Health and Human Services from any

and all actions or causes of action (including agreements, judgments, claims, damages, loss of

services, expenses and all demands of whatever kind or nature) that have been brought, could

have been brought, or could be timely brought in the Court of Federal Claims, under the National

Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any

way growing out of, any and all known or unknown, suspected or unsuspected personal injuries

to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination

administered on October 6, 2016, as alleged by petitioner in a petition for vaccine compensation

filed on or about January 30, 2019, in the United States Court of Federal Claims as petition No.

19-156V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that flu vaccine caused petitioner's alleged GBS, any other injury, or his current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

4

Respectfully submitted,

**PETITIONER:**

NOAH SCOTT CAMPBELL

**ATTORNEY OF RECORD FOR
PETITIONER:**

PAUL R. BRAZIL, ESQ.
Muller Brazil, LLP
715 Twining Road
Suite 208
Dresher, PA  19025
Tel: (215) 885-1644

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC  20044-0146

**AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:**

*Ward Sorensen for*

TAMARA OVERBY
Acting Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD  20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel:  (202) 919-6599

Dated: 2-27-2020